Good afternoon, Your Honors. May it please the Court, this is Joseph Labuda for the Defendant's Appellant Top Shelf. In this case, the jury rendered a verdict on November 15, 2018, and found that the plaintiffs were owed no money in unpaid wages. Specifically, in Question 3 of the verdict sheet, they determined that there were no violations by the defendants of the appellant. Your principal contention is that the jury rendered an inconsistent verdict, right? That's correct. How do we decide that? How can we decide whether the findings are inconsistent if we don't have a transcript? Well, in this case, you have the verdict sheet, which ultimately determines the liability for the New York labor law claims and the FLSA. Counsel, the verdict sheet is not inconsistent necessarily on its face, because the New York law requires about timely payment as a complete defense, and because the burden on the two may be different. So the jury could well have found that there was equipoise so that neither side proved what was their burden, which would be a consistent. Now, it may well be that there is more on the record that suggests that, in fact, this verdict was inconsistent, but we can't tell that because you haven't given us the material which would allow us to do it. So unless the verdict is itself inconsistent on its face, and frankly, I don't see that it is for the reasons I gave, we can't do anything because you haven't brought us the material we need. Well, I would submit that question nine, which is on the appendix, page 96 and 97, does give you that clarity which you need. They specifically ask a number of various questions concerning the wage claim, and in there they say, one question is, the number of compensated overtime hours per week, and the jury for both Piccolo and Sudlow rendered it zero, and they also indicated in the same question the total amount awarded in terms of unpaid wages, and they put zero. And again, counsel, that may be because on that the burden was an opposing side, while on the burden of timely payment, which is a defense under New York law, the burden is on you. So that isn't necessarily inconsistent on its face. It is, you know, it is unusual that you have a situation where the evidence is in equipoise, or the jury so finds, and because of different burdens, it comes out as it did, but it isn't impossible. And when it isn't impossible, we need more. We would have to look at the whole record. And then I go back to the presiding judge's question, why didn't you give it to us? Well, we did not believe that it was necessary because it was on its face inconsistent, and I would... The trial judge said that he needed the transcript. I mean, you were given due notice by the trial court. That was one of the reasons why the post-judgment motion was denied, and yet on appeal, you didn't remedy the problem. Well, Your Honor, with respect to that, we believe that the verdict in and of itself shows that inconsistency, and it can't be reconciled. The reality is that in order to make a finding of a notice violation, one of the items that the jury was tasked with in terms of the jury instructions is whether or not there was complete and timely payment to the plaintiffs. And in this case, they clearly rendered that determination and said that there was zero owed to them. And I will say... But isn't this counsel, you keep going back to the same thing, but it is not the same thing because of different burdens. And you know the number of cases in which we are required to try to see if what might be inconsistent jury verdicts could be consistent. This is intention, but it isn't facially inconsistent for the reasons I gave you. Now, it might be, but again, we come back to the same problem. Well, in this court's decision in Costman v. Polaris, it's 462 F3D 74, the court cites New York law with respect to inconsistent verdicts as follows. Under New York law, a verdict is inconsistent if a jury's finding on one claim necessarily negates an element of another cause of action. And I would say in this situation... This is Judge Winter, and you've just read us a quote that doesn't answer Judge Calabresi's point. The point is that they are not necessarily inconsistent if the evidence is equitable. I would say this, that you can have a wage claim violation without a notice violation, but in this circumstance, you can't have a notice violation unless you have a parallel wage violation. That's exactly what 198 references. And the reason why it's there is because effectively, no harm, no foul. If the employee did not receive the proper notice, but yet he was still paid properly, the statute says the employer does not have to pay any type of notice violation because the employee was not injured in any way, shape, or form. And that's very clear from everything in the jury's verdict, where they rendered zero wages to the employee. And so when you have a situation... You have one minute. Okay. When you have a situation when the employee, when the jury comes back and says that there's absolutely no violation of wages, that goes exactly to the affirmative defense of 198. And so there was a finding already that there were no wages owed. It was a complete and timely payment, and that's why there shouldn't be any type... No. There was a finding that the plaintiff had not proven his case. And it's quite possible that the reason the plaintiff was found not to have proven the case was that the evidence wasn't equitable. Well, I would also indicate that there's no allegation in the complaint at all about any type of untimely payments or anything like that. It's not in the complaint. Yes, but it is in the counsel. The point is you just said it is an affirmative defense with the burden on you. You just said that. You cited it as being affirmative defense, therefore the burden on you. And that is the whole key to this whole case. And your honor, I would submit that the jury's answer in number nine answers that question with respect to the affirmative defense. There isn't any specific language in the verdict sheet that talks about the affirmative defense, but we know the affirmative defense... You've saved some time for rebuttal. We'll hear from the other side. Yes. Thank you. Good afternoon, your honors. This is Saul J. Bell, if it may please the court. I believe Judge Calabrese, if I have the voice correctly, is hitting the nail right on the head. You have dueling burdens of proof, and in one area of the verdict sheet, the jury found that the plaintiff has not met its burden. But in another area with regard to the notice in the Wage Theft Prevention Act, the jury has found that the defendants had not met their burden. Now, they were specifically charged in page 118 of the appendix, talks about if you find that if defendants established either of these affirmative defenses by a preponderance of the evidence, then you cannot find the defendants liable for this is part of the jury charge. This is part of the jury charge that Mr. Labuda agreed to. This is what was submitted to the jury. And my friend, Mr. Labuda, is slightly changing the standard and the terms, because also on page 118, when the judge charged the jury on what the affirmative defense was, defendants may assert that they made complete and timely payments of wages to the defendant. My friend, Mr. Labuda, likes to say that the jury determined that the plaintiffs were owed no wages, but that's not what the jury found. The jury found that they had not met their burden. And it's simply a matter of burden shifting here. And when the jury finds that the plaintiff had not met their burden in one area, and the defendants had not met their burden in the other area, it doesn't cancel each other out. And in fact, when my friend, Mr. Labuda, argues to the court that the jury actually made a finding that the plaintiffs were completely and properly paid, although there is no record to support that, if you look at A215, the appendix of 215, in Judge Brown's decision, he completely dismisses that and says that argument is easily dispatched because the jury made no such finding. There is no finding to that case. So I understand my friend, Mr. Labuda's argument. He's frustrated that the jury found both sides did not. I'm equally as frustrated with the jury's verdict. But there is a basis to say we had not met our burden with overtime was owed, and they had not met their burden that proving that the plaintiffs were completely and properly paid. How long was the trial? How long was the trial? Seven days. Seven days. Okay. Moving on to my friend, Mr. Labuda's argument that there was no claim in the complaint for essentially the Wage Step Prevention Act notice provision. That's simply not the case, and I call the court's attention to the joint pretrial order in the appendix at 55, A55, where in the joint appendix, the joint document that we submitted, we clearly spell out that it is part and parcel of the claims to be provided here. That can't be ignored. You can't argue that it wasn't part of the complaint when you jointly submitted a document saying that these are the claims to be tried. Now, parenthetically, it is in the complaint. It is in various paragraphs of the complaint, and that is clear, and that's exactly why the district court judge had no issue letting it go forward and certainly no issue letting it go forward when the claim was jointly submitted in the joint pretrial order. And lastly, if Judge Brown concluded as he did in his decision that there was testimony to contradict whether or not the plaintiffs were completely improperly paid, Mr. Labuda has completely deprived this court of the opportunity to determine whether or not that information was there and supported his position or did not support it and eroded it to the point of absurdity. Now, he was specifically warned, my friend, Mr. Labuda was specifically warned in Judge Brown's decision that, hey, before this happened, I asked you for the transcript. Judge Brown clearly said in his decision, I asked him for the transcript. Do not assert any evidence without giving us the record to point to that evidence. And now, when he acknowledged the decision, he said, look, notwithstanding that, he then went on to address the issues that were raised by Mr. Labuda, which, mind you, the failure to claim the Wage Step Prevention Act cause of action was not one of Mr. Labuda's claims. Mr. Labuda did not appeal any errors in the verdict form. And the errors that he is claiming to appeal, he has not supported one lick of evidence to support. And the only evidence that we have that's not argued by either myself or my friend, Mr. Labuda, is one line from Judge Brown in his decision that says, based upon his recollection, the testimony contradicts that which Mr. Labuda is arguing. Unless there are any questions, I'm not sure where I am with my time right now, but I'd be happy to address anything on rebuttal. Well... Or any questions right now, I apologize. Yes. Any other questions? Hearing none, thank you. We'll hear the rebuttal. Okay. Thank you. Just with respect to the 195-3 claim, which is the weekly notice claim, so that is not listed at all in the complaint. There's no allegation about that in there. In fact, there are allegations about time of hire, which is the 195-1 reference, as well as a reference to us not keeping specific records under 195-4 in the complaint. And that's at A41 and 42, paragraphs 100 through 104. But there's no reference at all to an allegation about a weekly notice. And the plaintiffs are the masters of their complaint. They need to allege those claims, they need to allege those damages in the complaint, and they don't. So we believe that they've waived any type of claim for 193 because it wasn't even in the complaint, and it can't be remedied through some JPTO. It's got to be actually in the complaint. One minute. There's been no request for an amendment to the complaint or anything of that nature. So, and just with respect to jumping back to the original issue, you know, our position is with respect to the jury's verdict that, and I understand the court's distinction between the plaintiff's burden of proof and the defendant's burden of proof, but ultimately the jury made a determination, and it doesn't matter what the burden of proof is. The fact is that they've made a determination that there were no wages owed. And so, regardless of burden of proof, they've made that factual finding. And you can't have a notice claim when there's an ultimately a determination that no wages are owed. That's exactly what 198 is all about in terms of the this court, that since the jury found no wages were owed, and since there's an affirmative defense under 198, that the court reversed the jury's finding, remanded that back to the district court for a determination and entered judgment in favor of the defendants. Thank you. Thank you. The court will reserve.